Jones, E. H., P. J.
John Baldridge was convicted of a violation of Section 907. of the ordinances of Cincinnati, which we reproduce below.
Baldridge was discharged from prison by the insolvency court on a writ of habeas corpus, on the ground that said ordinance is invalid. In so deciding, it appears that the learned judge felt bound by the decision of the circuit court in In re Opal Howard, 15 C. C., N. S., 171. The court in that case held that the ordinance upon which that prosecution was based was invalid for the reason that the state of Ohio through its general assembly had *77 not delegated to the city the power to pass such an ordinance.
This calls for a comparison of the .ordinances to see whether or not the present ordinance bears the infirmity which was pointed out in the ordinance involved in the Howard case. That ordinance reads as follows:
“Sec. 907. If * * * any person shall be found loitering about any common barroom, dram shop, gambling house or house of ill fame, or wandering about the streets either by night or day without any lawful means of support,” etc., such person shall be fined, etc.
The agreed statement of facts embodied in the bill of exceptions herein states that Baldridge “was arrested «and prosecuted by virtue of Section 907 of the Code of Ordinances of the city of Cincinnati, passed February 4, 1913, which section reads as follows:
“ 'Be it ordained by the Council of the City of Cincinnati, State of Ohio,
“ 'Sec. 1: That section 907 of the Code of Ordinances be amended to read as follows: Sec. 907. Loitering — Any person found loitering about any street, alley, avenue, park or public or private place within the city of Cincinnati without legal means of support, who being able to work for the support of himself or herself at honest industry, intentionally lives idly and without endeavoring in good faith to obtain lawful work or employment, shall be deemed a vagrant and, on conviction thereof, shall be fined not less than one or more than fifty ($50) dollars for each offense.’
*78 “That the said John Baldridge was tried on or about the 23rd day of February, 1915, and convicted of said offense.”
Some question was raised in oral argument about the affidavit upon which Baldridge was arrested, and the claim was made that it did not state facts sufficient to constitute an offense under the present ordinance.
The papers in the case in the municipal court were not in evidence in this case. No documents are attached to the bill of exceptions, and it contains copies of none. This case was submitted to the insolvency court on an agreed statement of facts, to which reference has been heretofore made. That statement of facts contains no reference to the affidavit for arrest and it cannot be regarded as part of the record in the case under review.
The record here presents but one question, i. e., the validity of the ordinance of February 4, 1913. It shows that Baldridge was arrested, prosecuted and convicted for its violation. This ordinance defines “vagrancy” and fixes a penalty therefor.
Section 3664, General Code, authorizes such legislation by a municipality:
“Sec. 3664. To provide for the punishment of persons disturbing the good order and quiet of the corporation, by clamor and noise in the night season, by intoxication, drunkenness, fighting, using obscene or profane language in the streets and other public places to the annoyance of the citizens, or otherwise violating the public peace by indecent and disorderly conduct, or by lewd or lascivious behavior. In like manner to provide for the punishment of any vagrant, common street beggar, com *79 mon prostitute, habitual disturber of the peace, known pickpocket, gambler, burglar, thief, watch-stuffer, ball-game player, a person who practices any trick, game or device with intent to swindle, a person who abuses his family, and any suspicious person who cannot give a reasonable account of himself.”
The former ordinance which was declared invalid in In re Opal Howard differed from this in that it prohibited “loitering” only, and made no mention of “vagrant” or “vagrancy.”
While the statute gives authority to punish all vagrants, the ordinance only embraces by its terms a class of vagrants described therein, and in this respect the lawmaking body of the city has not exercised all the power granted to it. By the former ordinance it was sought to punish loiterers, not all loiterers, but only such as were described therein. But it was invalid, and so decreed, because of the lack of any authority in cities to punish “loiterers,” as such. There is given ample authority to punish vagrants, and this ordinance passed in the exercise of such power is not to be overthrown because the word “loitering” is used in defining the offense, and in creating the class of vagrants contemplated.
We are of the opinion, therefore, that the city acted entirely within the power delegated by said Section 3664, General Code, in passing the existing ordinance, and that it is a valid enactment.

Judgment reversed.

Jones, Oliver B., and Gorman, JJ., concur.